CARLYLE BOOE v. LOCKSLEY S. HALL, M.D., SAM J. CRAWLEY, M.D., AND BOBBIE P. BOOE

No. 7421SC749

(Filed 18 December 1974)

**Insane Persons § 1; Process § 19— wrongful commitment — action against wife, doctors — summary judgment**

　　In an action for malicious prosecution, abuse of process and false imprisonment arising out of the alleged unwarranted judicial commitment of plaintiff to a state mental hospital, the trial court properly entered summary judgment in favor of the two doctors who examined plaintiff prior to his commitment, but the court erred in entering summary judgment in favor of plaintiff's wife who initiated the commitment proceedings.

APPEAL by plaintiff from *McConnell, Judge,* 13 May 1974 Session of Superior Court held in FORSYTH County.

This is a civil action alleging, among other things, malicious prosecution, abuse of process and false imprisonment arising out of alleged unwarranted judicial commitment of plaintiff to a state hospital for mentally disordered persons. The action originally named as defendants Locksley S. Hall, M.D. and Sam J. Crawley, M.D., two practicing physicians in Yadkin County; Bobbie P. Booe, wife of plaintiff; Charles T. Speer, Sheriff of Yadkin County; Harold J. Long, Clerk of Superior Court of Yadkin County; and Ferne W. Spillman, Notary Public of Yadkin County. On 24 July 1973, plaintiff voluntarily entered a notice of dismissal as to defendant Spillman. On 31 July 1973, Judge William Z. Wood entered an order dismissing the action against defendants Speer and Long.

In his complaint plaintiff alleges that he suffered from thrombophlebitis, which resulted in periodic hospitalization and loss of work. The suffering and idleness from this illness led to marital disharmony. Following an argument between plaintiff and his wife, his wife went to the office of the Clerk of Superior Court for the purpose of exercising some form of judicial process which would punish plaintiff. Accordingly, plaintiff's wife instituted process for judicial commitment against plaintiff. Plaintiff contends that his wife did not actually believe plaintiff to be suffering from mental illness or inebriety nor did she consider him in need of treatment in a mental hospital, but that she executed the affidavits alleging such disorders and requesting commitment of plaintiff to a hospital for the sole

purpose of punishing plaintiff. Plaintiff further contends that such action on part of his wife was done with malice for an unjust and ulterior purpose, thereby using the judicial process for a purpose for which it was not intended under the law.

Plaintiff also alleges that defendant, Dr. Crawley, failed to make a proper examination of plaintiff for mental illness and failed to make any independent determination from his own observation that plaintiff was in need of treatment for mental illness. Plaintiff further alleges that Dr. Crawley saw plaintiff for only five minutes. Plaintiff contends that Dr. Crawley was an accessory to plaintiff's wife's abuse of legal process, and that he is guilty of the malicious prosecution and false imprisonment of plaintiff.

Plaintiff alleges that defendant, Dr. Hall, made no examination of plaintiff for mental illness and made no independent determination that plaintiff was mentally ill. Plaintiff further alleges that Dr. Hall saw plaintiff for a period of five minutes or less and any examination conducted by Dr. Hall was so inadequate as to be void. Accordingly, plaintiff contends that Dr. Hall is guilty of abuse of process, malicious prosecution, and false imprisonment of plaintiff.

Plaintiff seeks judgment against defendants, jointly and severally, in the amount of $107,500.00 for compensatory damages and $500,000.00 for punitive damages.

Defendants, Booe, Hall and Crawley filed Motions for Summary Judgment. The affidavits, answers to interrogatories and other exhibits disclose the following.

On 13 March 1972, defendant, Bobbie P. Booe, wife of plaintiff, executed an affidavit before the Clerk of Superior Court of Yadkin County wherein she testified that she believed plaintiff to be a mentally ill or inebriate person and a fit subject for admission into a psychiatric hospital, and that plaintiff was likely to endanger himself or others and should be confined immediately. According to the Clerk's affidavit, Mrs. Booe told the court that plaintiff had threatened her life and that she was in fear of her life and the lives of her daughters. The Clerk issued an order directing the Sheriff of Yadkin County to take plaintiff into custody.

On 14 March 1972, plaintiff was examined by defendants Hall and Crawley, practicing physicians in Yadkin County, for

the purpose of determining whether plaintiff was a mentally ill or inebriate person as Mrs. Booe alleged in her affidavits. Both doctors concluded that plaintiff was a proper subject for observation and treatment, and executed affidavits to that effect.

On 14 March 1972, notice of hearing was served on plaintiff. The hearing was conducted on 15 March 1972 and plaintiff was represented by counsel. After the hearing the Clerk of Superior Court signed an order committing plaintiff to John Umstead Hospital at Butner, North Carolina. No appeal was taken nor objection entered to the order, and plaintiff was taken to John Umstead Hospital.

On 19 April 1972, plaintiff was transferred to Medical Park Hospital in Winston-Salem, North Carolina, where he was treated for approximately two weeks for a physical ailment unrelated to his hospitalization at John Umstead Hospital. On 5 May 1972, plaintiff was discharged from John Umstead Hospital.

Hearings on these motions for summary judgment were conducted at the 13 May 1974 Session of Superior Court of Forsyth County. At the conclusion of the hearing, the court determined that the motions should be allowed as to each defendant and entered judgment dismissing the action. Plaintiff appealed.

*Drum and Liner by David V. Liner for plaintiff appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by J. Robert Elster and Robert J. Lawing for defendant appellees Hall and Crawley.*

*R. Lewis Alexander for defendant appellee Booe.*

VAUGHN, Judge.

In determining whether a motion for summary judgment should be granted, "the court may consider pleadings, affidavits meeting the requirements of Rule 56(e), depositions, answers to interrogatories, admissions, oral testimony, and documentary materials; and the court may also consider facts which are subject to judicial notice and such presumptions as would be available upon trial." *Singleton v. Stewart,* 280 N.C. 460, 464, 186 S.E. 2d 400, 403.

Booe v. Hall

Dr. Hall and Dr. Crawley filed affidavits in support of their respective motions for summary judgment. Dr. Hall's affidavit reads:

"On or about March 14, 1972, Sheriff Charles T. Speer, known to me to be Sheriff of Yadkin County, brought Mr. Carlyle Booe to my office for the purpose of an examination to determine whether or not he was mentally ill or inebriate person and thus a proper subject for observation and treatment. I examined Mr. Carlyle Booe and talked to him at great length concerning his mental state for the past year.

I exercised my best medical judgment in signing an affidavit on a form supplied by the office of Superior Court of Yadkin County that Mr. Booe was a proper subject for observation and treatment."

Dr. Crawley's affidavit reads similarly:

"On or about March 14, 1972, I examined Mr. Carlyle Booe for the purpose of determining whether or not he was mentally ill or an inebriate person as alleged in the affidavit of Mrs. Booe.

In the exercise of my best judgment I signed and acknowledged before a Notary Public an affidavit to the effect that Mr. Booe was a proper subject for observation and treatment. This affidavit was signed on a form supplied by the office of the Clerk of Superior Court of Yadkin County, North Carolina."

Other affidavits were filed in support of the doctors' motions for summary judgment. One by the Sheriff reads:

"Pursuant to the order of the Clerk of Superior Court of Yadkin County, I took Carlyle Booe to Lula Conrad Hoots Memorial Hospital for the purpose of having him examined by two medical doctors to determine whether he was a proper subject for examination and treatment for mental illness or inebriecy. I presented Carlyle Booe to Doctors Locksley S. Hall and Sam J. Crawley for examination by them. I was physically present when each doctor examined Carlyle Booe. Both doctors examined Carlyle Booe. I presented the doctors a standard North Carolina form, which was provided by the Clerk of Superior Court, which was an affidavit to procure admission for mental illness or inebriecy."

After defendants Hall and Crawley's motions for summary judgment and supporting affidavits were filed, plaintiff failed to come forward by affidavit or otherwise with any competent evidence tending to show the existence of a triable issue of material fact as to those defendants. The affidavits and other uncontradicted supporting documents disclose that, as a matter of law, plaintiff is not entitled to recover from Dr. Hall or Dr. Crawley under any theory he attempts to assert · in his complaint. The judgment dismissing plaintiff's action against defendants Hall and Crawley is affirmed.

Defendant Booe did not file a personal affidavit in support of her motion for summary judgment. We have carefully considered the pleadings and all other documents in the case. We hold that defendant Booe has failed to carry her burden of showing plaintiff's action against her to be baseless in fact and law. It was error to dismiss the action against defendant Booe.

As to defendants Hall and Crawley, affirmed.

As to defendant Booe, reversed and remanded.

Judges CAMPBELL and BRITT concur.